THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN G. MYERS & CECELIA A. REIHL | : | |
| | : | CIVIL ACTION |
| | : | NO. 13-05504 |
| v. | : | |
| | : | |
| | : | |
| BJ's WHOLESALE CLUB, INC. | : | |

O'NEILL, J.                                                                                          May 14, 2014

## MEMORANDUM

Plaintiffs filed a class action complaint against defendant in the Philadelphia Court of Common Pleas alleging violations of the Unfair Trade Practices and Consumer Protection Law and common law unjust enrichment.  Defendant removed the case to this Court alleging federal jurisdiction pursuant to the Class Action Fairness Act.  Presently before me is plaintiffs' motion to remand and defendant's response thereto and defendant's motion to dismiss and plaintiffs' response thereto.  For the following reasons I will grant plaintiffs' motion to remand and therefore decline to rule on defendant's motion to dismiss.

## BACKGROUND

Plaintiffs allege that BJ's improperly charged customers Pennsylvania sales tax on the original rather than the discounted price of sale items.  Dkt. No. 10 at ¶ 4.  Plaintiffs contend that pursuant to Pennsylvania law the difference between an item's full and discounted price is not taxable.  61 Pa. Code § 33.2.  Plaintiffs assert that BJ's engaged in the practice of charging its customers 6% of the full price of items for purchase prior to subtracting discounts attributable to coupons and rebates thereby incorrectly collecting sales tax in excess of that required under

Pennsylvania law.  Id. at ¶ 5-6.  Plaintiffs assert this claim on behalf of themselves and a class of other shoppers at 15 Pennsylvania BJ's stores who were charged excessive sales tax because of this practice.  Id. at ¶ 7.  Plaintiffs claim damages "in excess of $50,000 . . . but upon present information and belief, less than $75,000 per individual claimant and less than $5,000,000 in the aggregate."  Id. at ¶ 8

Defendant challenges plaintiffs' statement of the amount in controversy, contends that the CAFA jurisdictional requirement of a $5,000,000 amount in controversy is met and asserts that removal of plaintiffs' action to this Court is appropriate pursuant to CAFA.  Dkt. No. 1 at ¶¶ 5-11.  Plaintiffs dispute defendant's characterization of the amount in controversy and seek remand to the Philadelphia County Court of Common Pleas.  Dkt. No. 7 at ¶ 22.  Plaintiffs also argue that remand is necessary because the Court of Common Pleas must decide whether the claim should be adjudicated by the Pennsylvania Department of Revenue and, alternatively that the Tax Injunction Act precludes federal jurisdiction.  Id. at ¶¶ 2-3.

## STANDARD OF REVIEW

Remand to state court is proper if this Court lacks subject matter jurisdiction over plaintiffs' claims.  28 U.S.C. § 1447(c).  Specifically, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Id.  CAFA confers subject matter jurisdiction over class actions where "(1) at least one member of the plaintiff class is diverse from any defendant; (2) the aggregate amount in controversy exceeds $5,000,000; and (3) the proposed plaintiffs class contains 100 or more members."  Robinson v. Holiday Universal Inc., No. 0 5-5726, 2006 WL 470592, at *2 (E.D. Pa. Feb. 23, 2006), citing 28 U.S.C. § 1332 (d)(2)(A), (d)(5).

The Court of Appeals has held that "[t]he party asserting jurisdiction bears the burden of showing the action is properly before the federal court" and that "[t]he statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005). CAFA has not altered this longstanding rule. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005); see also Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006) ("under CAFA, the party seeking to remove the case to federal court bears the burden to establish that the amount in controversy is satisfied."). Therefore, the burden of establishing federal jurisdiction rests with BJ's as the removing defendant.

## DISCUSSION

Defendant filed a notice of removal alleging that this Court has jurisdiction over plaintiffs' action pursuant to CAFA because it involves 100 or more putative class members, at least one member of the class is a citizen of a different state than defendant and the amount in controversy exceeds $5 million. Dkt. No. 1 at ¶¶ 11-28. Plaintiffs' motion to remand challenges federal jurisdiction and contends that CAFA is not implicated because the amount in controversy alleged in the complaint falls below the statutory requirement. Dkt. No. 7 at ¶ 11.

In pleading the amount in controversy "subject to a good faith requirement [ ] a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-80 (1938). Because plaintiffs are the masters of their complaint, they may expressly limit the claim below the jurisdictional requirement. Morgan, 471 F.3d at 476. Therefore, defendant must "not only contradict the plaintiffs['] own assessment of damages, but must overcome the presumption against federal jurisdiction" in order to remove plaintiffs' case to federal court. Red Cab, 303 U.S. at 290. Because this rule persists under CAFA, "the party seeking to remove the case to

3

federal court bears the burden to establish that the amount in controversy requirement is satisfied." Morgan, 471 F.3d at 473.

The Court of Appeals has determined that when the plaintiff expressly limits the amount in controversy with a precise statement in the complaint the defendant seeking removal is "held to a higher standard." Frederico v. Home Depot, 507 F.3d 188, 196 (3d. Cir. 2007) (applying Morgan to cases where the "complaint specifically avers that the amount sought is less than the jurisdictional minimum"). "The proponent of jurisdiction must show, to a legal certainty, that the amount in controversy exceeds the statutory threshold." Id. Legal certainty "falls somewhere below absolute certainty and above preponderance of the evidence." Hoffman v. DSE Healthcare Solutions, LLC, No. 13-07582, 2014 WL 1155472, at *2 (D.N.J. Mar. 21, 2014) (additional citations omitted).

Plaintiffs' complaint clearly limits the claim to "less than $75,000.00 per individual claimant and less than $5,000,000.00 in the aggregate." Dkt. No. 10 at ¶ 8. Defendant argues that the language "upon present information and belief" preceding this limitation in the complaint creates a dispute as to the amount in controversy which warrants deviating from Federico and applying the lesser standard of a preponderance of the evidence. Dkt. No. 1 at ¶ 19. However, defendant has provided no support for this argument nor presented any case law in any jurisdiction to support such a theory. Neither have I uncovered any case suggesting that this language converts a specific averment that the amount in controversy falls below the statutory requirement into a disputed jurisdictional fact.[1] Therefore, the Morgan analysis applies and BJ's

---

[1] In cases citing Morgan or Federico, which describes Morgan's application, I find none that carves out an exception for a complaint that specifically limits the amount in controversy "upon present information and belief." See e.g., Uddin v. Sears, Roebuck & Co., No. 13-6504, 2014 WL 316988, at *4 (D.N.J. Jan. 27, 2014); Hoffman v. Nutraceutical Corp., No. 12-5803,

must show to a legal certainty that plaintiffs' claim actually exceeds the $5 million CAFA jurisdictional requirement in order to overcome plaintiffs' motion to remand.

Defendant claims that plaintiffs' asserted amount in controversy is a "generic effort to plead around federal jurisdiction." Id. at ¶ 18.  Importantly, however, defendant neither alleges nor presents evidence of bad faith connected to this alleged effort to avoid federal jurisdiction. Rather, defendant claims that only 38,462 class members are necessary to satisfy the $5 million requirement, which comports with plaintiffs' claim that the prospective class consists of tens or hundreds of thousands of members.  Dkt. No. 1 at ¶ 24.  Defendant asserts that an average of 30,663 transactions occurred daily since February 3, 2008 at BJ's 15 Pennsylvania locations, 8,342 of which involved a discount, coupon or rebate.  Id. at ¶ 25.  Defendant multiplies 8,342 transactions involving discounted merchandise by the $130 per transaction that plaintiffs seek pursuant to the UTPCPL and suggests that the CAFA amount in controversy is met in only five days.[2]  Dkt. No. 1 at ¶ 26.

---

2013 WL 885169, at *3 (D.N.J. Jan. 24, 2013); Lorah v. SunTrust Mortg., Inc., No. 08-703, 2009 WL 413113, at * 4-5 (E.D. Pa. Feb. 18, 2009).

[2]  Plaintiffs seek relief afforded by the Pennsylvania UTPCPL which includes the following:
    a. Actual damages sustained by each class member or the sum of $100 in statutory damages, whichever is greater, for each transaction in which sales tax was charged in violation of 61 Pa. Code § 33.2;
    b. Three times the actual damages sustained by each class member, including the cost of obtaining a refund of the improperly collected moneys'
    c. Permanent injunctive relief precluding the Defendant's further wrongful violation of 61 Pa. Code § 33.2;
    d. An award of costs and reasonable attorneys' fees for this lawsuit; and
    e. Such other and further relief as the Court deems necessary or proper.

Plaintiffs disagree and contend that this calculation fails to distinguish customers from class members. Dkt. No. 7 at ¶¶ 27-31. Plaintiffs assert that it is unclear whether each of the 8,342 transactions involving a discount, coupon or rebate was charged an excessive sales tax, and therefore not all 8,342 transactions necessarily represent putative class members. Id. at ¶ 31. I agree with plaintiffs. "Section 1332(d)(6) tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of the proposed class and determine whether the resulting sum exceeds $5 million." Std. Fire Ins. Co. v. Knolwes, 133 S. Ct. 1345, 1348 (2013). Because it is presently impossible to determine how many BJ's customers will fall within the class definition I find that defendant has not proved to a legal certainty that the amount in controversy meets the CAFA requirement. Defendant's assumption that every transaction involving a discount, coupon or rebate will qualify for class membership falls short of satisfying defendant's burden to contradict plaintiffs' statement in the complaint that the amount in controversy is less than $5 million and overcome the presumption against federal jurisdiction.

Defendant argues that Knowles prevents plaintiffs from avoiding federal jurisdiction under CAFA by stipulating to an amount in controversy less than the $5 million requirement prior to class certification. Dkt. No. 11 at 3. I disagree. The plaintiff in Knowles purported to stipulate that the claim "will not at any time during this case . . . seek damages for the class . . . in excess of $5,000,000 in the aggregate." Knowles, 133 S. Ct. 1345 at 1347. This stipulation far exceeds plaintiffs' statement that "upon present information and belief . . . [this is an action for] less than $5,000,000.00 in the aggregate." Dkt. No. 10 at ¶ 8. The question presented in

---

Dkt. No. 10 at ¶ 69. Based on this request for relief, defendant concludes that each class member may be entitled to at least $100 in statutory damages plus a 30% fee recovery, or $30, totaling $130 per class member. Dkt. No. 1 at ¶ 23.

Knowles was whether the plaintiff could permanently limit the recovery of the class prior to class certification and the Supreme Court found that he could not because his precertification stipulation does not bind anyone but himself. Id. at 1349. Therefore, though plaintiffs cannot permanently limit the value of the putative class members' claims by binding the class to a recovery of less than $5 million, for jurisdictional purposes I must examine plaintiffs' case "as of the time it was filed in state court." Wisconsin Dep'. of Corrs. v. Schacht, 524 U.S. 381, 390 (1998). I find that at this stage Knowles does not disrupt the well-established rule that even under CAFA, plaintiff is "the master of his own claim and may limit his claim so as to avoid federal subject matter jurisdiction." Federico, 507 F.3d at 195-96.

As plaintiffs correctly note, BJ's may seek removal at a later date if and when it can show that plaintiffs seek recovery of at least $5 million. Id. at ¶ 13. Because removal pursuant to CAFA is not subject to the one year deadline to remove, BJ's may seek removal if and when it can show, to a legal certainty, that the amount in controversy exceeds $5 million. 28 U.S.C. § 1453(b). Defendant's option to file for removal at a later date when it can satisfy its burden of proof as to the amount of controversy comports with the finding in Knowles that a plaintiff may not limit the recovery of the putative class prior to certification of the class.

Because I have found that defendant has not satisfied its burden of showing to a legal certainty that, as of the time this action was filed in state court, the amount in controversy exceeded $5 million I will grant plaintiffs' motion to remand. Therefore, I need not reach plaintiffs' alternative arguments for remand and decline to address whether this claim is more properly adjudicated by Pennsylvania Department of Revenue or whether federal jurisdiction is precluded by the Tax Injunction Act.

Because I find that this Court presently lacks subject matter jurisdiction over plaintiffs' claim I cannot rule upon defendant's motion to dismiss.  <u>See</u> <u>e.g.</u>, <u>Anthony C. Mengine Law, Inc. v. Healthport</u>, 695 F. Supp. 2d. 225, 227 (W.D. Pa. 2010) ("[w]e cannot rule on defendant's motion to dismiss . . . if we lack subject matter jurisdiction.").

An appropriate Order follows.